CURTIS *vs.* STARING.

Referees will not be ordered in the first instance to return the proceedings and testimony before them, nor their decisions upon the admission or rejection of evidence, nor their reasons for their final report.    They will not

be required to do so unless in the opinion of the court, after the coming in of papers on both sides, such proceeding be necessary.

MOTION that *referees* sign a *case* containing a history of a trial before them. The cause was heard by the referees who were about making a report in favor of the plaintiff for the sum of $65,60, when at the request of the defendant's counsel they agreed to suspend the report until he could draw up a formal report of the proceedings before them, and of the exceptions taken by him on the hearing : and it was further agreed between the counsel and the referees that a copy of such report should be served on the plaintiff's attorney, who should have the right to propose amendments and to notice the report for settlement before the referees. A report was drawn up by the defendant's counsel and approved but not signed by two of the referees, and a copy served on the plaintiff's attorney, who proposed no amendments, but having obtained a report for the sum found due to the plaintiff, gave notice of taxation of costs. The defendant's attorney obtained an order to stay proceedings, and now applied to the court for a rule that the report drawn up by him be taken as settled, or for a mandamus directing the referees to sign and return the same to this court.

*G. B. Judd,* for defendant.

*A. P. Demarest,* for plaintiff.

*By the Court,* MARCY, J. This motion must be denied. The court never can consent to the practice proposed to be introduced by the defendant of bringing up hearings before referees on *cases* made. Either party to a reference, if dissatisfied, may apply to this court to set aside a report, if made in a cause referrible ; and if, on the coming in of the papers of the opposite party, the court are not enabled to determine the rights of the parties, they will, in compliance with the authority given by the Revised Statutes, (vol. 2, 384, § 47,). require the referees to report their decision in admitting or rejecting a witness ; in allowing or over-ruling a question to or answer of a witness, and to report all other proceediegs

NEW-YORK, had before them, together with the testimony in the cause,
May, 1830. and their reasons for allowing or disallowing any claim of
The People either party ; but this they will not do in the first instance.
v.
Monroe C. P.                                          Motion denied.